IN THE CIRCUIT COURT OF THE FIRST JUDICIAL DISTRICT OF
HINDS COUNTY, MISSISSIPPI

DR. DAWN B. McLIN                                                                              PLAINTIFF

VS.                                               CIVIL ACTION NO.3:14CV00636DPJ-FKB

DR. RICHARD CHILES, IN HIS INDIVIDUAL CAPACITY,
DR. LAWRENCE POTTER, IN HIS INDIVIDUAL CAPACITY,
AND JACKSON STATE UNIVERSITY                                                     DEFENDANTS

**AMENDED COMPLAINT**
**(Jury Trial Demanded)**

**COMES NOW**, Plaintiff Dr. Dawn B. McLin, by and through her undersigned counsel, and files this civil action for equitable relief and for damages for discrimination on the basis of her race and sex in violation of her rights secured by the Fourteenth Amendment of the United States Constitution, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000 et seq., the Equal Pay Act, 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

**I.**

**JURISDICTION AND VENUE**

1.     This court has jurisdiction over the claims in this case pursuant to 28 U.S.C. §§ 1331.  Venue is proper under Title 28 U.S.C. §§ 1391 (b).  The Plaintiff also invokes the pendent jurisdiction of this court to address all issues arising under state law.

**II.**

**PARTIES**

2.     Plaintiff, Dr. Dawn B. McLin, is an adult African-American citizen of the United States, residing in Madison, MS.

3.	Dr. Richard Chiles is the former interim chair of the Department of Psychology. Dr. Richard Chiles may be served with process of this court at the College of Liberal Arts Building, 2nd Floor, Jackson State University, 1400 Lynch Street, Jackson, Mississippi. Dr. Chiles is being sued in his individual capacity only.

4.	Dr. Lawrence Potter is the former dean of the College of Liberal Arts.  Dr. Lawrence Potter may be served with process of this court at the Dollye M.E. Robinson Building, Jackson State University, 1400 Lynch Street, Jackson, Mississippi.  Dr. Potter is being sued in his individual capacity only.

5.	Jackson State University is a subdivision of the State of Mississippi and may be served with process upon Attorney General Jim Hood, 550 High Street, Walter Sillers Building, Jackson, MS  39201.

### III.

### EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.	All conditions precedent to jurisdiction pursuant to Section 706 of Title VII of the Civil Rights Act of 1964, as amended, have been complied with by the Plaintiff to wit: Appropriate charge of employment discrimination has been filed with the Equal Employment Opportunity Commission, and Notification of Right to Sue was received by the Plaintiff from the Equal Employment Opportunity Commission on  April 3, 2014. (*See,* Exhibit 1).

7.	Plaintiff filed a timely complaint based on the time limits contained in § 706 of Title VII of the Civil Rights Act of 1964, as amended.

IV.

**STATEMENT OF THE FACTS**

8. Dr. Dawn McLin joined the Department of Psychology at JSU in 2004 as an assistant professor. In 2010, Dr. McLin was awarded tenure and promoted to the position of associate professor. Since joining JSU, Dr. McLin "demonstrated exceptional performance in authoring an E-textbook, designing and teaching a much needed new course, emphasizing Careers in Psychology creating and utilizing innovative technologically advanced forms of psychology and maintaining the distinct status of a GIFT Scholar for Innovative Teaching. She is currently the most prolific grant writer in the department and has collaborated with colleagues on a number of grants submitted by Psychology faculty and faculty from other disciplines."

9. Lower ranked African-American/male professors and a newly hired lower ranked white male professor were paid more and/or substantially the same as Dr. McLin, despite Dr. McLin's stellar accomplishments, including receiving tenure and promotion to the position of associate professor. Lower ranked African-American/male professors also are given opportunities not afforded Dr. McLin to earn more money for duties that Dr. McLin is more qualified to perform than her male colleagues who earn more than Dr. McLin does even though they failed to receive tenure and promotion to associate professor.

10. In 2010, Dr. Keith Hudson's performance as an assistant was so bad that Dr. Arthur Whaley, Chair of the Department of Psychology, recommended that Dr. Hudson terminated as an assistant professor and removed as coordinator of undergraduate studies. Before any action was taken on Dr. Whaley's recommendation, Dr. Whaley resigned as Chair of the Department of Psychology. After Dr. Whaley's resignation, Dr. Chiles was selected to serve as the interim chair of the department. As interim chair of the

department, Dr. Chiles reversed Dr. Whaley's recommendation to terminate Dr. Keith Hudson and permitted him to continue to work as an assistant professor and the coordinator of undergraduate studies even though Dr. Hudson failed to receive tenure and promotion to associate professor.   Although Dr. McLin received tenure and promotion, Dr. Chiles overlooked Dr. McLin who is more qualified than Dr. Hudson when he rescinded Dr. Whaley's recommendation to remove Dr. Hudson as the coordinator of undergraduate studies.   Dr. Hudson earned supplemental pay as the coordinator of undergraduate studies, while women at JSU who served as coordinators were denied supplemental pay.   Dr. Hudson's supplemental pay pushed his salary above Dr. McLin, who was more qualified for the position of coordinator of undergraduate studies than Dr. Hudson.

11.     Dr. Chiles also recommended a salary adjustment for Dr. Bryman Williams, an assistant professor, who is an African American male.  As a result of Dr. Chiles' recommendation, Dr. Williams' salary increased from $48,000.00 to $85,000.00 a year almost double the salary of Dr. McLin.

12.     Like Dr. Hudson, Dr. Williams,  was denied tenure and promotion to associate professor in 2011.  Despite having failed to satisfy JSU's tenure and promotion requirements, Dr. Chiles selected Dr. Williams to serve as the director of the Clinical Training Ph.D. program, a position that pays more than the positions held by all the full-time female tenured faculty members who serve as associate and full professors in the Department of Psychology.   The applications of all males in the Department of Psychology who have sought tenure and promotion from the position of assistant professor have been rejected.    JSU did not post the position of Director of Clinical Training Ph.D Program before selecting Dr. William, a less qualified male, over McLin, who was more

qualified for the position of director of the Clinical Training Ph.D program than Dr. Williams.

13.     Although Dr. Williams serves in a lower ranking position and has not achieved the success of Dr. McLin and/or the Interim Chair of the Psychology Department, Dr. Williams is paid more than the females whose work require greater or equal skills, effort and responsibility under similar working conditions.

14.     In 2012, JSU hired Dr. Michael Moore, a white male, to serve as an assistant professor.  JSU paid Dr. Moore nearly the same rate of pay as Dr. McLin, whose work as an associate professor with tenure requires greater skills and responsibilities than the assistant professor's position held by Dr. Moore.

15.     During this time period, Dr. McLin was seeking an adjustment in her salary as well as other opportunities to earn additional income within the department.  All of Dr. McLin's requests for salary adjustments and/or increases were denied by Dr. Potter, who advocated for Dr. Moore to receive substantially the same salary as Dr. McLin whose rank and experience far exceeded Dr. Moore.

16.     Dr. McLin and other female employees have been denied the same terms and conditions of employment afforded white males and African-American men, assigned less favorable job assignments at JSU, paid less than males, whose work required less skill, effort and responsibility under similar working conditions, and denied females opportunities to earn more money within the department, solely on the basis of their race and sex.

17.     At all times pertinent herein, Dr. McLin had a clearly established right to be free from race and sex discrimination and to be treated likely similarly situated white male employees and African-American males.

IV.

## CAUSE OF ACTIONS

18. The Defendant, Jackson State University denied Dr. McLin equal employment opportunities insofar as it denied her the same terms and conditions of employment afforded white and male employees, assigned her less favorable job assignments, paid her less than whites and males, whose work required less skill, effort and responsibility under similar working conditions, and denied Dr. McLin opportunities to earn more money, on the basis of her sex in violation of Title VII Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000 et. seq., 42 U.S.C. § 1983 and the Equal Pay Act.

19. The Defendants, Dr. Chiles and Dr. Potter, denied Dr. McLin her right to be free from race and sex discrimination in violation of the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 1981 and 42 U.S.C. § 1983.

V.

## CLAIMS FOR RELIEF

**WHEREFORE, PURUSANT TO** Title 42 U.S.C. § 1981(a), Dr. Dawn McLin respectfully demands a trial by jury and prays for a Judgment against the Defendants as follows:

    a. Actual, compensatory and Incidental Damages in the amount to determined by a jury for the embarrassment, humiliation, mental anguish and severe emotional distress, and loss of employment opportunities she suffered as a direct and proximate result of the conduct of the Defendants described hereinabove. Dr. Dawn McLin also seeks back pay, including but not limited to front pay;

 b. Compensatory damages in the form of reduced wage earning capacity, emotional pain, suffering, inconvenience, mental anguish and other non-pecuniary losses as permitted by Section(s) 102 (b) (3) of the Civil Rights Act of 1991;

 c. Dr. Dawn McLin also seeks attorney's fees pursuant to Title 42 U.S.C. § 1988 and any and all costs associated with this lawsuit.

 d. The actions of Dr. Chiles and Dr. Potter in their individual capacities constitute a willful wanton and reckless disregard for the rights of Dr. Dawn McLin to be free from race and sex discrimination in employment. Dr. Dawn McLin is further entitled to recover liquidated and punitive damages pursuant to Title 42 U.S.C. § 1981 a(b)(1) in an amount to be set by the tier of fact.

 e. Plaintiff also seeks such other and further relief as the Court and Jury may deem just and proper under the circumstances as hereinabove set forth.

**RESPECTFULLY SUBMITTED** this, the 6th day of November 2014.

        **DR. DAWN B. McLIN**

      By: //s// Lisa M. Ross
       Lisa M. Ross (MSB#9755)
       Post Office Box 11264
       Jackson, MS 39283-1264
       (601) 981-7900 (telephone)
       (601) 981-7917 (facsimile)