UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

DR. DAWN B. McLIN                                                                                    PLAINTIFF

v.                                                                          CIVIL ACTION NO. 3:14cv636-DPJ-FKB

DR. RICHARD CHILES, et al.                                                                       DEFENDANTS

ORDER

This gender-discrimination case is before the Court on Defendants' Motion for Summary Judgment [34]. Having fully considered the premises, the Court finds that the motion should be granted for lack of a prima facie case.

I.      Facts and Procedural History

Plaintiff Dr. Dawn B. McLin is an associate professor at Jackson State University ("JSU"). She originally contended that JSU discriminated against her based on race and gender. *See generally* Pl.'s Compl. [1-1] at 2–6. But following the Court's ruling on JSU's Motion to Dismiss, the only remaining claim is for Title VII gender discrimination. More particularly, McLin contends in her pleadings that JSU promoted a male counterpart, Dr. Bryman Williams, to be Director of Clinical Training Ph.D. Program without posting the position. *See* Pl.'s Am. Compl. [10] ¶ 12. McLin insists that she should have received the appointment. *Id.* JSU seeks summary judgment on the failure-to-promote claim asserting that it is now undisputed that the position was advertised, McLin knew about it, and she never applied.

II.     Summary Judgment Standard

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil Procedure when evidence reveals no genuine dispute regarding any material fact and that the moving party is entitled to judgment as a matter of law. The rule "mandates the entry of

summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323. The nonmoving party must then "go beyond the pleadings" and "designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324 (citation omitted). In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000). Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments have never constituted an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *Little*, 37 F.3d at 1075; *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1993).

III.   Analysis

Title VII of the Civil Rights Act of 1964 prohibits discrimination based on gender. 42 U.S.C. § 2000e *et seq*. Generally speaking, plaintiffs seeking recovery under a failure-to-promote claim must "demonstrate that (1) she is a member of a protected class; (2) she sought and was qualified for an available employment position; (3) she was rejected for that position;

2

and (4) the employer continued to seek applicants with the plaintiff's qualifications." *Scales v. Slater*, 181 F.3d 703, 709 (5th Cir. 1999). Significantly, "[f]ailure to apply for a disputed promotion will bar a 'failure to promote' claim absent a showing that such an application would have been a futile gesture." *Irons v. Aircraft Serv. Int'l*, 392 F. App'x 305, 312 (5th Cir. 2010).

In the present case, McLin originally contended that "JSU did not post the position of the Director of Clinical Training Ph.D[.] program before selecting Dr. William[s]." Pl.'s Am. Compl. [10] ¶ 12; *see also* Pl.'s Compl. [1-1] ¶ 12. And it was on that basis that the Court allowed the claim to survive JSU's Motion to Dismiss. But JSU has now submitted competent record evidence that it did advertise the position, McLin was aware of it, and she did not apply. *See, e.g.*, Pate Aff. [34-2].

McLin essentially concedes these facts in her response and supporting affidavit. *See* Pl.'s Mem. [41] at 3; McLin Aff. [40-1] ¶ 6; *see also* Fed. R. Civ. P. 56(g) ("If a party . . . fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion."). But she raises two arguments to avoid summary judgment. First, she now contends that she did not apply for the disputed position because it would have been futile. Second, she seeks additional discovery. The arguments are somewhat related, and neither is sufficient to survive summary judgment.

      A.     Futility

As noted above, the Fifth Circuit has stated that a plaintiff need not prove she applied for the position if doing so would have been a "futile gesture." *Irons*, 392 F. App'x at 312. Here, McLin contends that she was deterred from applying based on JSU's history of systemically

3

denying employment opportunities to women.  *See* Pl.'s Mem. [41] at 5–10.  The problem is that McLin never pleaded a futility case.

In her original *and* amended complaints, McLin premised this claim on the assertion that JSU never posted the disputed position.  Faced with evidence to the contrary in JSU's summary-judgment motion, McLin pivoted to the futility claim.  The two theories are not compatible.

As a general rule, "[a] claim which is not raised in the complaint, but, rather, is raised only in response to a motion for summary judgment is not properly before the court."  *Cutrera v. Bd. of Supervisors of La. State Univ.*, 429 F.3d 108, 113 (5th Cir. 2005).  This rule is rooted in the need to provide adequate notice.  As stated in *De Franceschi v. BAC Home Loans Servicing, L.P.*, "[a] properly pleaded complaint must give 'fair notice of what the claim is *and the grounds upon which it rests*.'"  477 F. App'x 200, 204 (5th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 698–99 (2009) (emphasis added)).

"Accordingly, district courts do not abuse their discretion when they disregard claims or theories of liability not present in the complaint and raised first in a motion opposing summary judgment."  *Id.*  This rule encompasses new factual theories supporting previously pleaded legal theories.  *See, e.g.*, *id.*; *see also Green v. JP Morgan Chase Bank, N.A.*, 562 F. App'x 238, 240 (5th Cir. 2014) (affirming refusal to consider new factual theory); *Benavides v. EMC Mortg. Corp.*, Civil Action No. 3–12–46, 2013 WL 416195, at *4 (S.D. Tex. Jan. 31, 2013) (Costa, J.) (refusing to consider new factual theory supporting previously pleaded legal cause of action).  The futility claim is not properly before the Court.[1]

---

[1] Liberally construing the futility claim as an unfiled motion to amend, Plaintiff has already amended the complaint once, and she has not sought leave to do so again.  In any event, such a request would be untimely because the deadline to amend passed May 8, 2015, and the

B.   Rule 56(d)

McLin essentially concedes the substance of JSU's motion, but contends that "[i]f allowed to conduct discovery, [she] can establish a prima facie case." *See* Pl.'s Mem. [41] at 12 (invoking Rule 56(d)).  The request must be denied on procedural and substantive grounds.

Procedurally, McLin has not filed a separate motion as required by Uniform Local Rule 7(b)(3)(C).  Thus, there is technically no motion before the Court.  Overlooking that issue, the request likewise fails to comply with Rule 56(d)'s requirement that the movant support the need for discovery with "affidavit or declaration."  Fed. R. Civ. P. 56(d).

The Court might have afforded an opportunity to remedy those procedural issues had the request otherwise met Rule 56(d)'s substantive provisions.  The decision to grant or deny a Rule 56(d) motion is within the sound discretion of the court.  *Am. Family Life Assurance Co. of Columbus v. Biles*, 714 F.3d 887, 895 (5th Cir. 2013).  Under that rule, the Court to defer considering a summary-judgment motion or deny it when a nonmovant "shows . . . that, for *specified reasons*, it cannot present facts essential to justify its opposition" to the motion.  Fed. R. Civ. P. 56(d) (emphasis added).

Although Rule 56(d) carries a policy favoring discovery, a party invoking the rule "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." *Id.* (quoting *Raby v. Livingston*, 600 F.3d 552, 561 (5th Cir. 2010)) (internal quotation marks omitted).  "Instead, the non-moving party must 'set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending

---

case is on the brink of the pretrial conference.  *See* Scheduling Order [27] at 4.

summary judgment motion.'" *Id.* (quoting *Raby*, 600 F.3d at 561); *see also Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 28 F.3d 1388, 1396 (5th Cir. 1994) (holding that "opposing party must demonstrate how the additional time will enable him to rebut the movant's allegations of no genuine issue of material fact") (citation and internal quotation marks omitted)); *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (affirming denial of Rule 56(d) motion and noting that "nonmovant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts"); *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986) (same).

Here, McLin merely cites the rule and applicable cases without explaining the discovery she seeks or how it will create a genuine fact issue. At most, McLin asserts that she "should be allowed to conduct discovery and complete the presentation of her case against JSU's motion for summary judgment." Pl.'s Resp. [41] at 12. General statements of this nature are not sufficient. Moreover, her substantive response to JSU focuses on the new futility argument which is not properly before the Court and would not warrant additional discovery. *See generally Cutrera*, 429 F.3d at 113.[2]

Finally, McLin takes issue with JSU's decision to move for summary judgment on a single, narrow issue—the second element of the prima facie case. She contends that "JSU should . . . refile its motion upon the completion of discovery." Pl.'s Resp. [41] at 12. But Rule 56(b) allows a party to "file a motion for summary judgment at any time until 30 days after the

---

[2]The broadest reading of McLin's response could suggest a desire to conduct additional discovery to open new avenues of recovery. If that is what she intended, then the request would be improper. Only the failure-to-promote claim survived JSU's Motion to Dismiss. And now that it has been dismissed, the Court will not—especially at this late date—allow general discovery to develop new theories. *See generally Cutrera*, 429 F.3d at 113.

close of all discovery." Fed. R. Civ. P. 56(b). And such motions are proper when a party "fails to make a showing sufficient to establish the existence of *an element* essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322 (emphasis added). The second element of the prima facie case is obviously essential. *See Scales*, 181 F.3d at 709 (holding that Title VII plaintiff "must establish *all four elements* of the case in order to prove that she was treated differently" (emphasis in original)). JSU was entitled to seek summary judgment based on the now-undisputed fact that McLin did not apply for an advertised position about which she had knowledge.

IV. Conclusion

The Court has considered all arguments. Those not specifically addressed would not change the outcome. For the reasons stated, the Court finds that Defendant Jackson State University's Motion for Summary Judgment [34] should be granted. A separate judgment will be entered consistent with Rule 58.

**SO ORDERED AND ADJUDGED** this the 15th day of January, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE